United States District Court
Southern District of Texas
**ENTERED**
November 10, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **LAW OFFICE OF ALEX MARTINEZ, PLLC,** *Plaintiff,* | § | |
| **v.** | § | **Civil Action No. 7:24-cv-00346** |
| **JUAN MENDEZ, III,** ***et al.*** *Defendants,* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Opposed Motion for Leave to File First Amended Answer, Original Counterclaim, and Original Third-Party Petition. (Dkt. No. 24). The Court, having considered the Motion, the response, and the relevant law, is of the opinion that the Motion should be **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

Plaintiff, Law Office of Alex Martinez, PLLC ("Martinez"), filed this copyright case, asserting violations of the Lanham Act, 15 U.S.C. § 1125(a), (d) and Texas common law, alleging Defendants' use of "ABOGALLO" and "SOY TU GALLO" infringed on Plaintiff's copyright. (Dkt. No. 1). Defendants Juan Mendez, III, and Juan Trey Mendez, III, P.C. (collectively "Defendants" or "Mendez"), filed an Answer on September 12, 2024. (Dkt. No. 10).

Defendants filed an Opposed Motion for Leave to File First Amended Answer, Original Counterclaim, and Original Third-Party Petition on January 30, 2025, seeking to plead affirmative defenses and a counterclaim against Plaintiff, and a third-party petition against the owner of Plaintiff, Alejandro Martinez, for federal unfair competition,

common law trademark infringement, common law unfair competition, and trademark dilution. (Dkt. No. 24) ("Motion"). Plaintiff filed a Response, noting that Defendants' proposed amendment would be futile and should be denied. (Dkt. No. 25 at 9) ("Response"). Defendants did not file a reply.

## II. LEGAL STANDARD

Leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15 of the Federal Rules of Civil Procedure establishes the procedures for amending and supplementing pleadings. Rule 15(a)(2) allows a party to amend its pleading with the written consent of the opposing party or with the court's leave. FED. R. CIV. P. 15(a)(2). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court . . . ." *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007). Discretion, however, "may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981).

The Fifth Circuit interprets Rule 15 as mandating a liberal approach to the amendment of pleadings. *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003). "Rule 15(a) evinces a bias in favor of granting leave to amend. Its purpose is to assist the disposition of the case on its merits, and to prevent pleadings from becoming ends in themselves." *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1983). In fact, "unless there is a substantial reason

to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy,* 660 F.2d at 597.

When reviewing a party's motion for leave to amend the pleading, the court may consider the following factors: 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). "Absent any of these factors, the leave sought should be 'freely given.'" *Id.* "While leave to amend must be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987). Finally, when a party files a motion for leave to amend before the court-ordered deadline, there is a "presumption of timeliness." *See Kleppinger v. Texas Dept. of Transp.*, No. 5:10-cv-124, 2011 WL 7071096, at *3 (S.D. Tex. Jan. 28, 2011).

## III. ANALYSIS

Defendants claim that "[t]hese amendments are necessary based on facts that have come to light through Defendants' ongoing investigation and analysis of the allegations and evidence relevant to this case." Mot. at 1. Further, Defendants argue that the "proposed amended pleading does not alter the fundamental nature of this case," because "[t]he affirmative defenses, the counterclaim, and the third-party petition are based on the same body of facts and arise out of the same occurrence that is the subject matter of Plaintiff's complaint against Defendants." *Id.* at 2. Defendants claim they "did not learn of Martinez's use of 'abogallo' until after they filed their Answer in this matter" and therefore, Defendants "could not have asserted their counterclaim and third-party

claim in their Answer." *Id.* at 3. In response, Plaintiff argues that Defendants' proposed amendment would be futile because: "(1) Defendants cannot and have not, as a matter of law, alleged sufficient facts to support priority of trademark use for the "ABOGALLO" or "SOY [TU] GALLO" trademarks; and (2) LOAM's use of "ElAbogallo" in a social media link among other such links is not a trademark use and cannot support infringement." Resp. at 9. Plaintiff also argues that Defendants' motion should be denied because Defendants' new allegations are based on facts publicly available to them even before they answered this suit. *Id.* at 17.

**A. Futility**

*a. Standard of Review*

"An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)). Therefore, when determining whether a proposed amendment is futile, courts apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff. *White v. U.S. Corrs., LLC*, 996 F.3d 302, 306–07 (5th Cir. 2021). The reviewing court must evaluate whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Dismissal . . . is appropriate where the plaintiff fails to allege 'enough facts to state a claim to relief that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 570).

*b. Plaintiff's Argument*

Plaintiff points to four deficiencies with Defendants' proposed counterclaim: (1) that Defendants "have not pleaded any date-specific [*sic*] in their proposed amendment to establish priority of use over LOAM—which has demonstrated a first use date of January 9, 2024, in its own pleadings"; (2) that Defendants "represented to the USPTO that, as of August 13, 2024, they were not using the 'ABOGALLO' mark in commerce"; (3) that Defendants "represented to the USPTO that, as of August 13, 2024, 'no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive'"; and (4) that Defendants "produced no documents in response to LOAM's requests that would support a superior date of priority." Resp. at 14. The Court addresses each of these alleged deficiencies.

With respect to Plaintiff's argument that Defendants have not pleaded any specific date to establish priority of use, this argument is misplaced under a 12(b)(6) analysis. While Plaintiff alleges in its own complaint a first use date of January 9, 2024, the Court does not consider Plaintiff's allegations in determining whether allowing Defendants to amend their Answer and file their proposed counterclaim would be futile. The proposed counterclaim adequately alleges that (1) shortly after September 2023, Defendants began using "SOY TU GALLO" in commerce; (2) since February 10, 2024, Defendants purchased and have used the Internet domain names www.abogallo.com and www.abogallo.net for use in connection with the law firm's services; and (3) since June 1, 2024, Defendants operated a business Instagram account under the name "elabogallo." Mot. at 17. While Plaintiffs may disagree with the dates alleging first use, or argue that those dates do not establish Defendants' prior use, the proposed counterclaim alleges sufficient facts to plausibly allege the dates that Defendants began using the "SOY TU GALLO" and "ABOGALLO" marks.

The Court next looks to Plaintiff's argument that Defendants represented to the U.S. Patent and Trademark Office ("USPTO") that "as of August 13, 2024, they were not using the 'ABOGALLO' mark in commerce." Resp. at 14. At the time Defendants filed their trademark application with the USPTO, Defendants sought an intent-to-use basis as opposed to a use-in-commerce basis.[1] As previously discussed, Defendants adequately

[1] The Court finds that Defendants' applications to the USPTO, attached to Plaintiff's response, (Dkt. No. 25), are properly before the Court because "they are referred to in the [third-party petition] and are central to [Defendants'] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The Court may also consider trademark application and registration records on the U.S. Patent and Trademark Office website, uspto.gov, pursuant to FED. R. EVID.

allege that they were using the "ABOGALLO" mark in commerce prior to the date of filing their application. The Court notes the apparent contradiction between filings in this case and those with the USPTO. The Court need not credit "allegations contradicted by documents that the Court may consider at [the motion to dismiss] stage." *In re CrowdStrike Holdings, Inc. Sec. Litig.*, 816 F. Supp. 3d 683, 699 (W.D. Tex. 2026); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.") (internal citation omitted). Accordingly, the Court finds that Defendants are unable to plausibly plead facts alleging a use of the "ABOGALLO" mark prior to the USPTO filing on August 13, 2024. *See Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 F. App'x 295, 299 (5th Cir. 2012) ("But this allegation is contradicted by the other facts alleged in the complaint, making the claim implausible on its face.")

Further, Defendants have not alleged any use of the mark after the USPTO filing but before Plaintiff's alleged first use on August 26, 2024. Mot. at 19. Therefore, the Court agrees with Plaintiff that amendment would be futile, and Defendants should not be granted leave to amend their answers and file the proposed counterclaim and third-party petition with respect to the "ABOGALLO" mark.

With respect to Plaintiff's argument that Defendants represented to USPTO that no other person has the right to use the "ABOGALLO" mark in commerce, such

201(b)(2). *See Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (taking judicial notice of agency's website); *Cicalese v. Univ. of Tex. Med. Branch*, 456 F. Supp. 3d 859, 871 (S.D. Tex. 2020) ("[G]overnmental websites are proper sources for judicial notice.").

argument is less compelling. The full excerpt of the filing states, "*[t]o the best of the signatory's knowledge and belief*, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." (Dkt. No. 25-4 at 4) (emphasis added). Defendants' representation to USPTO that, to the best of their knowledge and belief, no one else has the rights to the mark is consistent with their position in this litigation and the proposed counterclaim, namely that they are the rightful possessors of the marks "SOY TU GALLO" and "ABOGALLO." Even after receiving Plaintiff's cease-and-desist letter, Defendants could still truthfully state that they believed they were the rightful possessors of the marks and Plaintiff did not have any right to use them. While Defendants have not alleged a use between the date of filing and Plaintiff's alleged first-use, that does not indicate that the USPTO filing defeats Defendants' proposed claims on this ground.

Finally, with respect to Plaintiff's argument that Defendants have produced no documents in response to Plaintiff's discovery requests that would support a superior date of priority, this argument is misplaced in determining whether amending Defendants' answer and granting leave to file the proposed counterclaim would be futile. The Court, in determining whether the proposed counterclaim would be futile, must keep its review to the four corners of the complaint, any exhibits attached thereto, and any facts of which the Court is able to take judicial notice. *See Gaskin v. Univ. of Houston Police Dept.*, No. 4:25-cv-1658, 2025 WL 3514356, at *3 (S.D. Tex. Dec. 8, 2025) ("[T]he court must

limit itself to: (1) the facts in the complaint; (2) documents attached to the complaint; and (3) matters of which the court may take judicial notice.”). Should it come to light that the allegations contained within the proposed counterclaim are knowingly advanced without any factual basis, Defendants would be subjecting themselves to the possibility of sanctions under Rule 11 of the Federal Rules of Civil Procedure.

**B. Hashtag as Infringement**

Alternatively, Plaintiff argues that, even if Defendants have adequately alleged priority in the “SOY TU GALLO” and “ABOGALLO” marks, Defendants have failed to adequately allege that Plaintiff has infringed on the marks because the only infringement alleged is in the form of hashtag use. Resp. at 15. Because the Court has found that Defendants have not plausibly alleged in the proposed counterclaim that they used the “ABOGALLO” mark prior to Plaintiff’s use, the Court need not address this issue.

**C. Undue Delay and Bad Faith**

Finally, Plaintiff argues that the Motion should be denied because the new allegations are based on facts publicly available to Defendants before they filed their Answer and are filed in bad faith and would cause undue delay. Resp. at 17–18.

Much of this argument refers to Defendants’ proposed claims regarding the “ABOGALLO” mark, however, because the Court has already ruled on those claims, it need not address them again here. The only remaining arguments that Plaintiff advances are that, at the time the Motion was filed, Defendants “had long given up their ‘Soy Tu Gallo’ Campaign,” and that allowing Defendants to add counterclaims and a new third-party defendant would “uselessly and unnecessarily drive-up costs and delay the

resolution of this case." However, neither argument is enough to overcome Rule 15's bias in favor of granting leave to amend. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). Further, since Defendants requested leave to amend before the establishment of case-management deadlines, "there is a presumption of timeliness." *Davila v. Webb Cnty.*, No. 5:12-cv-42, 2013 WL 12142363, at *2 (S.D. Tex. Apr. 1, 2013).

## IV. CONCLUSION

For the reasons stated above, Defendants' Opposed Motion for Leave to File First Amended Answer, Original Counterclaim, and Original Third-Party Petition, (Dkt. No. 24), is **GRANTED IN PART** and **DENIED IN PART**. Because this Court agrees with Plaintiff regarding Defendants' "ABOGALLO" claims, the Court will not direct the Clerk of Court to enter Defendant's attached Amended Answer, Original Counterclaim, and Original Third-Party Petition into the record. Instead, Defendants shall submit a modified pleading consistent with this Order.

It is therefore **ORDERED** that, within ten (10) days of the date of this Order, Defendants shall file an amended answer, counterclaim, and third-party petition, without any claims for relief regarding the "ABOGALLO" mark.

It is **SO ORDERED**.

SIGNED on November 10, 2026.

**JOHN G.E. MARCK**
**UNITED STATES DISTRICT JUDGE**